IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-5146 |
| | § | |
| LEWIS-QUINN CONSTRUCTION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

In this dispute over a construction bond, Phoenix Rental, Inc., Joseph V. Turner, and Peggy J. Turner filed a motion to reconsider, (Docket Entry No. 97), this court's September 25, 2012 memorandum and order granting in part St. Paul Mercury Insurance Co.'s motion for summary judgment. The motion for reconsideration is denied for the reasons set out in the September 25 opinion and below. Final judgment for St. Paul is separately entered.

**I.     The Legal Standard**

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). Motions to reconsider are treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or motions for relief from judgment under Rule 60(b), depending on when the motion is filed. *Demahy v. Schwarz Pharm. Inc.*, No. 11-31073, 2012 WL 5261492, at *2 n.2 (5th Cir. Oct. 25, 2012) (citing *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). A motion for reconsideration is considered under Rule 59(e) if it is filed within 28 days of the court's ruling, and under Rule 60(b) if it is filed more than 28 days after the court's ruling. *Demahy*, 2012 WL

5261492, at *2 n.2 (citing *Tex. A&M*, 338 F.3d at 400). This motion is under Rule 59(e) because it was filed within 28 days of the September 25, 2012 grant of summary judgment.

A Rule 59(e) motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 127–28 (2d ed. 1995)). "[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010) (alteration in original) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)) (internal quotation marks omitted). "A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." *Texaco Exploration & Prod., Inc. v. Smackco, Ltd.*, No. Civ. A. 98–2293, 1999 WL 539548, at *1 (E.D. La. July 26, 1999) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *see also Joe v. Minn. Life Ins. Co.*, 272 F. Supp. 2d 603, 604 (S.D. Miss. 2003) ("'Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.'" (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990))).

**II.     Analysis**

The movants do not claim newly discovered evidence. Nor do they raise an argument that could have been raised only after this court granted summary judgment. Their Rule 59(e) motion is in the category of motions intended to correct a manifest error of fact or law on which the court based its ruling. The movants argue:

> The Court should reconsider its decision for three reasons:
>
> a.     A court cannot change a term defined in the contract;
>
> b.     The Court's reliance on *Mid Century [Ins. Co. of Tex. v. Boyte*, 80 S.W.3d 546 (Tex. 2002),] is misplaced; and
>
> c.     There are material questions of fact that preclude a summary judgment.

(Docket Entry No. 97, ¶ 2).

These arguments do not justify Rule 59(e) relief. The motion does not purport to correct a manifest error of fact. The evidence urged in the motion for reconsideration is the same record evidence this court considered when it granted summary judgment for St. Paul. Nor does the motion establish that this court's judgment rested on a manifest error of law.

In opposing summary judgment, the movants asked this court to find fact disputes material to determining whether St. Paul acted in bad faith in settling the claim against its insured. This court rejected this characterization of St. Paul's payment. St. Paul had satisfied an undisputedly valid money judgment entered by a Texas state court in lieu of pursuing an appeal that arguably could have reversed some portions of that judgment. The judgment — not the pending appeal — fixed the amount of St. Paul's liability to the contractor. St. Paul negotiated with the contractor to accept less than the face amount of the judgment and obtained a full release. Based on the specific facts

shown in the record — not as a bright-line rule — this court concluded that the record did not create a triable issue of bad faith. (Docket Entry No. 96, at 18–20).

In the motion for reconsideration, the movants argue that this court misinterpreted the parties' indemnity agreement, misconstrued Texas law on the effect of a final judgment, and misapplied the facts so as to immunize from scrutiny any postjudgment payment by a surety. (Docket Entry No. 97, at 2–6). These arguments are all based on the movants' original proposition that there is a fact issue as to whether St. Paul settled in bad faith because it paid a judgment that included amounts that might have been reversed on appeal. This court considered and rejected this proposition. Based on the specific facts of this case, this court found no genuine factual dispute material to determining whether St. Paul settled in bad faith.

The motion to reconsider does not argue that the state court's judgment was void or otherwise unenforceable. Nor does the motion cite authority for the proposition that a surety is required to appeal rather than to satisfy a negotiated portion of a valid judgment to obtain a full release. The movants have not established that this court's ruling rested on a manifest error of law.

The motion does not justify relief under Rule 59(e). *See, e.g.*, *Texaco*, 1999 WL 53948, at *1 ("A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court.").

### III. Conclusion

The motion for reconsideration is denied.

SIGNED on October 31, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge