IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| LEWIS-QUINN CONSTRUCTION SERVICES, INC.; CURB-TEX, INC.; PUMP-TECH, INC.; ALLIANCE DEVELOPMENT, INC.; PHOENIX RENTAL INC.; GALLOWAY TRUST MANAGEMENT; JOSEPH V. TURNER; PEGGY J. TURNER; JAMES E. GALLOWAY; CATHERINE B. GALLOWAY; | § § § § § § § § § § § § § | Civil Action No. 4:10-cv-5146 |
| Defendants. | § | |

MOTION
FOR LEAVE TO AMEND PLEADINGS,
FOR PARTIAL DISMISSAL, and
TO SET CAUSE ON THE DOCKET

To THE HONORABLE JUDGES of the Southern District of Texas, Houston Division:

Defendants JAMES E. GALLOWAY CATHERINE B. GALLOWAY., GALLOWAY TRUSTMANAGEMENT, and ALLIANCE DEVELOPMENT, INC. (commonly referred to in the context of this Cause and in this Motion as the "Galloway Defendants") present this MOTION FOR LEAVE TO AMEND PLEADINGS, FOR PARTIAL DISMISSAL, and TO SET CAUSE ON THE DOCKET, as follows:

      1.     This Cause involves a claim for contractual indemnity asserted by between Plaintiff, St. Paul Mercury Insurance Company ("St. Paul"), against all Defendants, jointly and severally, under a General Agreement of Indemnity ("GAI") signed by the Defendants and others

in consideration for St. Paul's issuance of surety bonds, including a payment bond covering a construction project constructed by Alliance Construction, Inc ("ACI"). Over the course of time, each of the Defendants had been a principal or were owned, controlled or by or married to a principal of ACI.  After paying $1.6 Million to settle a claim brought under the payment bond against ACI and St. Paul by a Stewart Builders, a subcontractor to ACI, St Paul filed this Cause to recover the money that St. Paul it had spent in settling and defending the Stewart Builders claim, and in prosecuting its claims for indemnity under the GAI.

2.      A **Compromise and Settlement Agreement** (the "Settlement Agreement") has been is entered into between Plaintiff, St. Paul Mercury Insurance Company ("St. Paul"), on the one hand, and the Galloway Defendants on the other. The terms of the Settlement Agreement, pertinent to this Motion include that:

(a) Defendants James E. ("Jim") Galloway has agreed to, and has begun to pay monetary and other consideration to St Paul in exchange for a release of all Defendants' liability to St. Paul;

(b)      St. Paul and the Galloway Defendants will dismiss all claims in this Cause between and among each other;

(c)      Jim Galloway reserves the right to reserve and prosecute his claims against the non-settling Defendants under any available legal theories including – each in the alternative--equitable contribution, equitable subrogation, common-law indemnity, and/or unjust enrichment (referred to herein collectively as "Claims for Reimbursement".)

3.      The Settlement Agreement became effective upon the exchange of signatures on about October 12, 2012.  The timing was coincidental, but the contingency was not surprising that on about September 25th, 2012, the Court had entered a partial Summary Judgment in favor of St. Paul against all Defendants, jointly and severally for $1.6 Million, plus reasonable and necessary attorneys' fees and expenses in an amount yet-to-be-determined.

4.      Prior to the Settlement Agreement, St. Paul had claimed the right to recover indemnity payments from all Defendants jointly and severally in the amount "in excess of $2.8 Million", including (a) $1.6 Million that St. Paul had paid to bond claimant and judgment creditor Stewart Builders to settle a surety bond claim litigated in Texas state Courts, (b) attorney fees and expenses incurred by St. Paul arising out of the surety bond, defense of the Stewart Builders claim, and prosecution of St. Paul's claims against the Defendant-Indemnitors in this Cause, and (c)  prejudgment interest.  The total amount to be paid by Jim Galloway to St. Paul under the Settlement Agreement to extinguish the liability of all Defendants to St. Paul under the GAI is $2.43 Million.

5. Plaintiff filed this Cause on about December 22, 2010.  The Court's existing Scheduling and Docket Control Order signed May 27, 2011, set a deadline for Motions to Amend pleadings by June 24, 2011, based on a November 18, 2011 Docket call assignment. On about September 30, 2011, Plaintiff filed its Motion for Summary Judgment.  An Answer and appearance was filed on behalf of the Galloway Defendants (the Movants as to this Motion) on about October 6, 2011.  On about October 13, 2011, the Court issued a Notice of Resetting, advising the Parties that Docket Call was reset. On about January 11, 2012, the Court entered an Order  cancelling all deadlines and converting docket call to a motion hearing to be held on January 24, 2012.  The parties presented argument to the Court on the Plaintiff's Motion for Summary Judgment on January 24, 2012.  The Court entered an Order granting Plaintiff's Motion for Summary Judgment on about September 25th, 2012, shortly after Plaintiff and the Galloway Defendants had negotiated the terms of their Settlement Agreement, but before the Settlement Agreement had been fully executed.

5.     Having paid to extinguish the liability of his co-indemnitors to St. Paul, Jim Galloway is entitled to equitable contribution.  The doctrine of "contribution" provides for *pro-rata* sharing between parties who are jointly and severally liable for a debt.  *See, In re Velocita Worldwide Logistics, Inc.*, 608 F.3d 212 (5th Cir. 2010) quoting Interstate Contracting Corp. v. City of Dallas, 2000 U.S. Dist. LEXIS 13111 (N.D. Tex. September 8, 2000 reversed on other grounds, 407 F.3d 708 (5th Cir. 2005); *Traders & General Insurance Co. v. Hicks Rubber Co.,* 169 S.W.2d 142 (Tex. 1943).  To prevail on a claim for contribution, a party must show that (1) the several indemnitors share a common obligation or burden and that (2) the indemnitor seeking contribution has made a compulsory payment or other discharge of more than its fair share of the common obligation or burden.  *Trinity Universal Insurance Co. v. Employers Mutual Casualty Co.*, 592 F.3d 687 (5th Cir. 2010).

6. Alternatively, if not also additionally, Jim Galloway is entitled to recover from his co-indemnitors under the theory of equitable subrogation.  Equitable subrogation arises where one person not acting as a volunteer has paid a debt for which another is primarily liable and which in equity should have been paid by the latter, and where the beneficiary of the payment would be unjustly enriched if the payor were precluded from pursuing its claims.  *Frymire Engineering Co. v. Jomar International, Ltd.,* 259 S.W.3d 149 (Tex. 2008).  A payment is involuntary if it is contractually required. *Bank of America v. Babu*, 340 S.W.2d 917 (Tex. App.--Dallas 2011). The GAI satisfied that element, and the GAI's imposition of "joint and several" obligations made each co-indemnitor primarily liable.

7.     "Unjust enrichment" requires restitution by one who receives benefits that would be unjust for him to retain.  Jim Galloway has agreed to pay more than his fair share of the settlement with St. Paul. Jim Galloway may seek restitution for the unjust enrichment of the his co-indemnitors. The term "unjust enrichment" characterizes the result of a failure to make

restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay." *Friberg-Cooper Water Supply Corp. v. Elledge,* 197 S.W.3d 826, 832 (Tex. App--Fort Worth 2006), rev'd on other grounds, 240 S.W.3d 869 (Tex. 2007) (quoting *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.--Dallas 2006, no pet.)). The doctrine applies the principles of restitution to disputes where there is no actual allocating the risk assumed, and based on the equitable principle that one who receives benefits that would be unjust for him or her to retain ought to make restitution. *Argyle Indep. Sch. Dist. v. Wolf,* 234 S.W.3d 229, 246-47 (Tex. App.--Fort Worth 2007, no pet.); *Elledge*, 197 S.W.3d at 832; *Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App.--Corpus Christi 2002, pet. denied).

8.      There are court opinions in Texas jurisprudence referring to "common-law indemnity" among co-guarantors. The question of liability of "co-guarantors" (--a term analogous to but not always synonymous with "co-indemnitors"--) to each other has a long history. " For well over a hundred years, it has been a "general and familiar rule of law" that, as among co-guarantors, each will bear his proportional part of the burden to the effect that should one of them pay more than his proportional part, the others will contribute equally to indemnify him for any amount in excess of his proportional part." *Lavender v. Bunch*, 216 S.W.3d 548 (Tex. App.—Texarkana 2007, no pet.); citing *Merchants' Nat'l Bank v. McAnulty*, 89 Tex. 124, 33 S.W. 963 (1896) and *Sisco v. Briones*, 809 S.W.2d 524 (Tex. App.—San Antonio 1991, no writ); Byrd, 154 S.W.3d at 164. More recent court opinions dropped guarantors from the very short list of those eligible for common-law indemnity, so that more recent opinions now only recognize two or three types of eligible claims. *See Cypress Creek Util. Serv. Co., Inc. v. Muller,* 640 S.W.2d 860, 862 (Tex. 1982) (discussing history of statutory abrogation of common-law contribution and indemnity rights). Texas abolished the doctrine of common-law indemnity in negligence cases by adopting a statutory scheme of comparative negligence. *B & B Auto Supply, Sand Pit, & Trucking Co. v. Central Freight Lines, Inc.*, 603 S.W.2d 814, 817 (Tex. 1980). The Texas Supreme Court expressly stated that its holding in *B & B Auto Supply* did not "bar indemnity in cases in which there is a contractual basis for indemnity or cases in which one party's liability is purely vicarious." *Id.   CF:* "The only remaining vestiges of common law indemnity involve purely vicarious liability or the innocent product retailer situation." *Aviation Office of America, Inc. v. Alexander & Alexander of Texas, Inc.*, 751 S.W.2d 179, 180 (Tex. 1980) *(per curiam)*. However, those opinions don't indicate that the courts disregarded the "co-guarantor" situation intentionally, which leads to the conclusion that the more recent opinions constitute *dicta* that inadvertently overlooked the continuing viability of common law indemnity among co-guarantors or co-indemnitors.

9.      Consistent with, and in order to pursue his  rights as outlined above, Jim Galloway and the Galloway Defendants seek leave to amend their pleadings so that they may assert cross-claims for Reimbursement, including contribution, subrogation, unjust enrichment,

and/or indemnity as against all non-settling Defendants, and to plead for Declarations supporting such claims, including a Declaration of the fact amount of liability that he Defendant-Indemnitors owed to St. Paul, and the amount of the pro-rata share of liability that the non-settling Defendants owe to Jim Galloway.

10.    Under Federal Rule of Civil Procedure 15, leave to amend should be freely granted when justice requires. Amendment as requested in this Motion will work no prejudice or surprise to any party, as the factual issues remaining to be litigated are co-extensive with those that would have been litigated had there been no Settlement Agreement; only the parties would have been aligned differently. Movants had good cause for not bringing their equitable claims earlier, because, aside from the procedural sequence of events described above, The Galloway recovery claims were probably not ripe until at least after the Settlement Agreement had been reached. The general rule is that there can be no recovery of contribution until after payment by the party seeking contribution.    This Court's resolution of the remaining factual issue of reasonable and necessary attorneys' fees and expenses for which indemnitors would be liable will resolve all remaining factual issues among the parties.

11.    THEREFORE, PREMISES CONSIDERED, Defendants JAMES E. GALLOWAY CATHERINE B. GALLOWAY., GALLOWAY TRUSTMANAGEMENT, and ALLIANCE DEVELOPMENT, INC. (the "Galloway Defendants") respectfully request an Order or Orders:

- Granting leave to amend their pleadings to assert cross-claims against all non-settling Defendants, and to plead for Declarations supporting such claims, including a Declaration of the fact amount of liability that he Defendant- Indemnitors owed to St. Paul, and the amount of the pro-rata share of liability that the non-settling Defendants owe to Jim Galloway;
- Dismissing all claims among and between Plaintiff, St Paul Mercury Insurance Company and the Galloway Defendants;
- Setting this case for Docket Call and trial, under amended Pleadings.

And respectfully pray that upon the trial of this Cause, judgment be entered in favor of JAMES E. GALLOWAY and against Defendants LEWIS-QUINN CONSTRUCTION SERVICES, INC., CURB-TEX, INC., PUMP-TECH, INC., PHOENIX RENTAL INC., JOSEPH V. TURNER, and PEGGY J. TURNER, jointly and severally, and that JAMES E. GALLOWAY recover the proportionate share of liability that he has paid in excess of his own share , as well as attorneys' fees, court costs, and interest as may be allowed by law; and any other relief, whether in law or equity to which Movants may be entitled.

Respectfully Submitted:

_____,

Keith  Coulter,
State Bar No. 04883500
Fed. Bar No. 9918

Attorney-In-Charge for Defendants,
JAMES E. GALLOWAY,
CATHERINE B. GALLOWAY,
GALLOWAY TRUST MANAGEMENT
and ALLIANCE DEVELOPMENT, INC.
(The "Galloway Defendants")

Of Counsel:
COULTER, P.C.
3306 Sul Ross Street
Houston, Texas  77098-1808
(713) 630-0600
(713) 630-0017 (fax)
kcoulter@keclaw.com

### CERTIFICATE OF CONFERENCE
The undersigned certifies that on about October 12, 2012, he conferred over the telephone with William Ferebee, who is counsel for Defendants JOSEPH V. TURNER, PEGGY J TURNER and PHOENIX RENTAL, INC.  Mr. Ferebee advised that he had not determined whether his clients would oppose this Motion.  On November 2, 2012, the undersigned called to confer with Mike O'Brien, counsel for Defendants Lewis-Quinn Construction Services, Inc., Curb-Tex, Inc., and Pump-Tech, Inc., who advised that his Client would not oppose this motion and may also file a Motion seeking leave to amend pleadings to file cross-claims. Counsel for Plaintiff has advised that Plaintiff does not oppose this Motion.

_____,

Keith Coulter

### CERTIFICATE OF SERVICE
The undersigned certifies that a true copy of the foregoing Notice and companying Motions have been served on the following counsel of record for all parties on the 2nd day of November, 2012, by Certified Mail return receipt requested, and/or any other in a manner allowed by the Federal Rules of Civil Procedure.

_Keith Coulter_

William C. Ferebee,
Robert G. Miller
450 Gears, Eighth Floor
Houston, Texas 77067-4584            CMRRR
Facsimile: (281) 875-4962           Receipt No.: 7004 1160 0005 6656
wferebee@ofmklaw.com                                     3172
ATTORNEY FOR DEFENDANTS,
JOSEPH V. TURNER, PEGGY J TURNER
and PHOENIX RENTAL, INC


Keith A. Langley
Ryan Dodson Dry
Langley Weinstein LLP
901 Main Street, Suite 600           CMRRR
Dallas, TX 75202                    Receipt No.: 7004 1160 0005 6656
klangley@lwllp.com                                       3189
rdry@lwllp.com
Attorneys for St. Paul Mercury Insurance Company


Mike O'Brien
Mike O'Brien, PC
14355 Highway 105                    CMRRR
Washington, TX 77880                Receipt No.: 7004 1160 0005 6656
mike@moblaw.com                                          3196
Attorney for Defendant Lewis-Quinn Construction Services, Inc.,
Curb-Tex, Inc., and Pump-Tech, Inc.